# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DANIEL W. DANCER, | NO. C10-918-RSL-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| VICKI SCHUMAKER, *et al.*, | |
| Defendants. | |

In this 42 U.S.C. § 1983 action, *pro se* plaintiff Daniel W. Dancer alleges that defendants Vicki Shumaker,[1] Tony Wallace, and Manginder Chana violated his constitutional rights while he was detained in the King County Correctional Facility ("KCCF"). (Dkt. 16.) The Court construes defendants' motion for summary judgment (Dkt. 25) to be, in relevant part, a motion to dismiss and recommends GRANTING defendants' motion to dismiss and DISMISSING this matter without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).

---

[1] The Court notes that Ms. Shumaker's surname is misspelled in the complaint and on the official docket. (*See* Dkt. 29 (Shumaker Decl.).)

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

Between May and December 2009, Mr. Dancer was incarcerated at the KCCF on a charge of domestic violence. (Dkt. 28, at 2 (hereinafter "Dennehy Decl.").)[2] Mr. Dancer alleges the following: (1) from May 1, 2010 to December 29, 2010,[3] Ms. Shumaker, in her role at the King County Department of Adult and Juvenile Detention ("DAJD"), violated his Fifth and Fourteenth Amendment rights by obstructing his access to the law library; (2) around August 2009, Corrections Officer Walker violated his Fourth, Fifth, and Fourteenth Amendment rights by seizing legal discovery materials and a Black's Law Dictionary; and (3) in June and July 2009, CO Chana violated his Eighth and Fourteenth Amendment rights by falsely infracting Mr. Dancer in retaliation for Mr. Dancer's grievance about CO Chana sleeping on the job, and this resulted in Mr. Dancer being improperly placed in solitary confinement for ten days and losing legal materials. (Dkt. 16, at 3–4.) Mr. Dancer seeks $500,000 in punitive damages and declaratory and injunctive relief. (*Id.* at 5.)

In May 2009, Mr. Dancer filed a grievance regarding access to legal materials in which he named Ms. Shumaker. (Dkt. 28, at 15; Dennehy Decl., at 4.) Ms. Shumaker answered that grievance by letter, stating that Mr. Dancer did not meet the DAJD criteria for *pro se* legal privileges because his pending court matter was not related to his conditions of confinement or a habeas petition. (Dkt. 28, at 17; Dennehy Decl., at 4.) There is no record that Mr. Dancer ever appealed this response. (Dennehy Decl., at 4.) Defendants state that Mr. Dancer wrote a letter to Captain Bacon that was received in October 2009, in which Mr. Dancer complained about CO Wallace searching through personal legal documents. (Dennehy Decl., at 4.) There

---

[2] After pleading guilty to third-degree domestic violence, Mr. Dancer was sentenced and later transferred to the Washington Department of Corrections on December 29, 2009. (Dennehy Decl., at 2.)

[3] Although in his complaint Mr. Dancer refers to 2010, he appears to be referring to Ms. Shumaker's conduct in 2009. Mr. Dancer filed a May 15, 2009, grievance about Ms. Shumaker and restricted access to the law library. (Dkt. 28, at 15.)

is, however, no record that Mr. Dancer filed a grievance about this incident. There is no record of Mr. Dancer filing any grievances or appeals about CO Chana's retaliation.

The undersigned magistrate judge originally recommended dismissal without prejudice for failure to prosecute because mail directed to Mr. Dancer had been returned and he had not updated the Court with a current address for months. (Dkt. 5.) After Mr. Dancer responded to a show-cause order, this case was re-referred to the undersigned judge. (Dkts. 10–13.) In June 2011, defendants moved for summary judgment. (Dkt. 25.) To date, Mr. Dancer has filed no opposition to defendants' summary judgment motion.

## II. DISCUSSION

In their summary judgment motion, defendants contend that Mr. Dancer failed to exhaust administrative remedies under the PLRA, 42 U.S.C. § 1997e(a) and that he cannot prove essential elements of his claims. (Dkt. 25.) The Court finds that defendants have carried their burden of persuasion that Mr. Dancer failed to properly exhaust administrative remedies under the PLRA and therefore declines to reach the merits of the case. The Court therefore recommends construing defendants' motion for summary judgment in relevant part as a motion to dismiss, and dismissing Mr. Dancer's civil-rights complaint without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

### A. Legal Standard

The failure to exhaust administrative remedies under the PLRA is subject to an unenumerated Rule 12(b) motion to dismiss rather than a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). This is because summary judgment is on the merits, whereas dismissal for failure to exhaust administrative remedies is not on the merits. *Id.* However, in deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact, a procedure closely analogous to summary judgment. *Id.* at 1119–20 & n.14. Thus, whether a party moves for summary judgment or for dismissal for failure to exhaust administrative remedies, a court will employ

the same standard of review. The proper remedy for a prisoner's failure to exhaust is dismissal of his claim without prejudice. *Id.* at 1120.

The Court construes the portion of defendants' motion that seeks summary judgment based on non-exhaustion of administrative remedies as an unenumerated Rule 12(b) motion but applies what amounts to the summary judgment standard in reviewing the supporting documents and resolving disputed issues of fact.[4] *See, e.g.*, *Morton v. Hall*, 599 F.3d 942, 944–46 (9th Cir. 2010) (affirming district court's dismissal without prejudice for prisoner's failure to exhaust administrative remedies pursuant to PLRA where defendants moved for dismissal in summary judgment motion); *Garrott v. LeFrancis*, 2010 WL 605310, at *2 (W.D. Wash. Feb. 18, 2010) (dismissing claim for failure to exhaust administrative remedies pursuant to PLRA where defendants moved for dismissal in summary judgment motion).

**B.    Exhaustion of Administrative Remedies**

The PLRA created a requirement that prisoners exhaust administrative remedies within the prison grievance system before filing a civil-rights lawsuit regarding prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). According to the United States Supreme Court, such "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The exhaustion requirement applies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.* at 85; *Booth v. Churner*, 532

---

[4] Summary judgment is justified "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence is viewed and reasonable inferences are drawn in the light most favorable to the nonmoving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The nonmovant must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); see Fed. R. Civ. P. 56(c). The mere existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

U.S. 731, 733 (2001). The PLRA applies to pretrial detainees, such as Mr. Dancer, and administrative exhaustion is required for any suit challenging prison conditions, not just for suits under § 1983. 42 U.S.C. § 1997e(h); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requisite exhaustion is "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90–91. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120; *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Failure to satisfy the PLRA exhaustion requirement is an affirmative defense as to which the defendant has the burden of proof. *Wyatt*, 315 F.3d at 1119.

Defendants raised the affirmative defense of non-exhaustion in their answer. (Dkt. 23, at 2.) On summary judgment, defendants filed declarations and exhibits, including the grievance about Ms. Shumaker and her letter response. (Dkts. 26–30.) Although Mr. Dancer is well-acquainted with the prison grievance process and filed eight grievances during the period at issue in the present case, there is no record that he filed and/or appealed grievances against defendants for the conduct specified here. (Dennehy Decl., at 4.) Furthermore, because plaintiff has not filed a brief in opposition, the Court presumes that defendants' motion has merit. *See* Local Rule CR 7(b)(2).

Section 1997e(a) requires that a plaintiff present his claims to each level of administrative review prior to raising those claims in a civil-rights action. Defendants' motion and supporting exhibits and declarations establish that Mr. Dancer failed to avail himself of each level of administrative review for all defendants, and failed to file a written grievance with respect to defendants CO Wallace and CO Chana. The Court finds that defendants have carried their burden of showing that Mr. Dancer failed to properly exhaust his administrative

remedies prior to filing this civil-rights action. The Court therefore recommends that Mr. Dancer's complaint be dismissed without prejudice.

### III.     CONCLUSION

Defendants have met their burden of showing that Mr. Dancer did not properly exhaust his administrative remedies as required by 42 U.S.C § 1997e(a). The Court construes defendants' motion for summary judgment (Dkt. 25) to be, in relevant part, a motion to dismiss and recommends GRANTING defendants' motion to dismiss and DISMISSING this matter without prejudice for failure to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). A proposed order is attached.

DATED this 5th day of October, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge